UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARLIN JOHN BRANDYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:14-cv-574-WCL-CAN |
| | ) | |
| STATE OF INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On September 30, 2014, Plaintiff, proceeding *pro se*, in this employment discrimination case under the Americans with Disabilities Act ("ADA"), filed his Motion for Legal Counsel Request. In the motion, Plaintiff requested court-appointed counsel stating in support that he "obviously do[es] not posses [sic] the knowledge and access to case law necessary to conclude this case." Doc. No. 19 at 1. Plaintiff also stated that he does not "have the income to hire [his] own representation due to being on reduced long term disability pay." *Id*. However, for the reasons discussed below, the Court denies Plaintiff's request for counsel without prejudice.

Civil litigants have neither a constitutional nor statutory right to appointed counsel. *See Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014); *see also Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993). Nevertheless, district courts may appoint counsel for plaintiffs who are "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Additionally, the ADA, which incorporates parts of Title VII including 42 U.S.C. § 2000e-5, empowers courts to appoint counsel in cases alleging discrimination based on disability. 42 U.S.C. § 12117. Based on the incorporated Title VII statute, courts may appoint counsel in ADA cases "in such circumstances as the court may deem just." 42 U.S.C. §

2000e–5(f)(1).

When considering whether to appoint counsel, courts should consider whether "the indigent plaintiff [has] made a reasonable attempt to obtain counsel or [has] been effectively precluded from doing so" and whether the plaintiff appears competent to litigate the case himself given the difficulty of the case at hand.  *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc) (citing *Farmer*, 990 F.2d at 321–22); *see also Sherrill v. Potter,* 329 F. App'x 672, 675 (7th Cir. 2009) (unpublished) (applying the *Pruitt* factors in a Title VII case); *Darden v. Ill. Bell Tel. Co.,* 797 F.2d 497, 500–501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when deciding whether appointment of counsel is just in a particular Title VII case).

In this case, Plaintiff has failed to provide the information necessary for the Court to determine whether appointment of counsel would be just.  Plaintiff's motion simply requests appointment of counsel without indicating whether Plaintiff has attempted to secure counsel on his own or documenting any such attempts.  Without more, the Court cannot determine, as it must, whether Plaintiff "has . . . made a reasonable attempt to obtain counsel or been effectively precluded from doing so."  *Pruitt*, 503 F.3d at 654.  Moreover, the Court cannot determine on the limited record before it whether Plaintiff is competent to litigate this case on his own behalf.

Because Plaintiff has not met the threshold requirement of demonstrating that he has made a reasonable effort to obtain counsel, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion. [Doc. No. 19].  Plaintiff may renew his motion to appoint counsel at any time during this litigation.  Should Plaintiff choose to do so, however, the Court **ADVISES** Plaintiff to include details in his motion about his efforts to secure counsel, including contact information,

dates of contacts, and each attorney's rationale for refusing to take the case. In addition, Plaintiff's motion should include information to demonstrate his level of competence to litigate this ADA case.

    **SO ORDERED.**

    Dated this 2nd day of October, 2014.

                                                   S/Christopher A. Nuechterlein
                                                   Christopher A. Nuechterlein
                                                   United States Magistrate Judge